**HOWARD A. KROLL, CA Bar No. 100981**
howard.kroll@cph.com
**KATHERINE L. QUIGLEY, CA Bar No. 258212**
katherine.quigley@cph.com
**CHRISTIE, PARKER & HALE, LLP**
655 N. Central Avenue, Suite 2300
Glendale, California 91203-1445
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
OKO INTERNATIONAL CO.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| OKO INTERNATIONAL CO., <br><br> Plaintiff, <br><br> vs. <br><br> SONY MOBILE COMMUNICATIONS (U.S.A.), INC., <br><br> Defendant. | Case No. 3:14-CV-1542 <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION <br><br> JURY TRIAL DEMANDED |

Plaintiff, OKO International Co., ("OKO"), by and through its attorneys, Christie Parker & Hale, LLP, files its complaint against Defendant Sony Mobile Communications (U.S.A.), Inc. ("Sony") for injunctive relief and damages as follows:

**Subject Matter Jurisdiction and Venue**

1. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, et seq. This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. §

1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) through 28 U.S.C. § 1391(d).

**Parties and Personal Jurisdiction**

4. Plaintiff OKO is a Florida corporation with its principal place of business at 1072 E. Newport Center Drive, Deerfield Beach, Florida 33442.

5. Plaintiff is informed and believes, and on that basis alleges, that Sony is a Delaware corporation having a place of business at 100 Redwood Shores Parkway, Redwood City, CA 94065-1155. This Court has personal jurisdiction over Sony.

**The Business of Plaintiff OKO**

6. For 20 years, OKO has been an innovator in the design, creation, and marketing of timepieces, watches, and watch bands. OKO designs its own timepieces, watches, and watch bands and has created watches having cutting-edge designs and forward-looking technology.

7. OKO owns a United States trademark registration for ANDROID for timepieces, watches, and watch bands, Registration No. 3,467,615. A copy of the Registration Certificate for this registration is attached to this Complaint as **Exhibit A**.

8. OKO has a common law trademark for ANDROID SMARTWATCH due to its substantial use of the term in commerce to identify and distinguish its timepieces, watches, and watch bands.

9. OKO has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its ANDROID and ANDROID SMARTWATCH brand timepieces, watches, and watch bands in the United States. For example, OKO's timepieces, watches, and watch bands bearing the ANDROID mark have been featured in numerous magazines including FHM, Watches, InStyle, International Watch Magazine, and Maxim.

10. OKO has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its timepieces, watches, and watch bands internationally, and owns trademarks for ANDROID for watches and other similar goods in Australia (Registration No. 1431274), Canada (Registration No. TMA786,969), China (Registration No. 6715934), the European Union (Registration No. 006901144), Hong Kong (Registration No. 301196938), Japan (Registration No. 5201291), the Republic of Korea (Registration No. 40-0959977), Russia (Registration No. 495991), Switzerland (Registration No. 624330), Taiwan (Registration No. 01507006), the United Arab Emirates (Application No. 162738) and an international registration from the International Bureau of the World Intellectual Property Organization designating the countries of India and the Philippines (Registration No. 1188322). Copies of these Registrations showing that the mark is registered are attached to this Complaint as **Exhibit B**.

11. OKO advertises its ANDROID and ANDROID SMARTWATCH brand timepieces, watches, and watch bands over the World Wide Web through its website www.android-usa.com.

12. OKO's ANDROID brand timepieces, watches, and watch bands are one of the "ShopHQ" core watch brands sold regularly on the ShopHQ television network and website (www.shophq.com). In addition, OKO's ANDROID and ANDROID SMARTHWATCH brand timepieces, watches, and watch bands are available on OKO's website www.android-usa.com. OKO's ANDROID and ANDROID SMARTWATCH brand timepieces, watches, and watch bands have been sold throughout the United States to the general public.

13. OKO's ANDROID and ANDROID SMARTWATCH brand timepieces, watches, and watch bands have had great commercial success. As a result, the public recognizes the ANDROID and ANDROID SMARTWATCH trademarks with respect to timepieces, watches, and watch bands as designating an exclusive source, thereby creating a goodwill which inures to OKO's benefit.

**The Business of Defendant**

14. OKO is informed and believes, and on that basis alleges, that Sony, among other things, is in the business of manufacturing, marketing, and selling watches.

15. OKO is informed and believes, and on that basis alleges, that Sony's business of marketing and selling watches is in direct competition with OKO's business.

16. OKO is informed and believes, and on that basis alleges, that Sony advertises and sells its watches to consumers in the United States and internationally.

17. OKO is informed and believes, and on that basis alleges, that Sony owns the website www.sonymobile.com and advertises its watches on that website.

18. OKO is informed and believes, and on that basis alleges, that Sony advertises and markets its watches within this Judicial District.

19. OKO has not authorized Sony to copy, reproduce, manufacture, duplicate, disseminate, advertise, market or distribute timepieces, watches, or watch bands bearing a trademark that is the same as or substantially similar to OKO's ANDROID or ANDROID SMARTWATCH trademarks.

20. In violation of federal trademark law and state law, OKO is informed and believes, and on that basis alleges, that Sony has engaged in the advertisement, manufacture, distribution, duplication and/or sale of timepieces, watches, or watch bands bearing a trademark that is confusingly similar to OKO's ANDROID and ANDROID SMARTWATCH trademarks.

21. Sony advertises and sells or has advertised and sold watches under the titles "Sony Smartwatch Android Watch," "Android™ watch" and "Android™ compatible watch." Printouts of examples of these unauthorized and infringing watches advertised and offered for sale on the Internet are attached to this Complaint as **Exhibit C**.

22. Sony also uses or has used the term "Android watch" as a metatag to promote and advertise its products on the Internet in violation of OKO's trademark rights. A printout of the source code from Sony's www.sonymobile.com/us/products/accessories/smartwatch website exemplifying this use is attached to this Complaint as **Exhibit D**.

23. OKO is informed and believes, and on that basis alleges, that Google has a common law trademark for ANDROID for software, and has a federal trademark application, U.S. Serial No. 77/318,565, for ANDROID for mobile phones; operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely, software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones. Google does not have a common law trademark for ANDROID for watches.

24. Google publishes brand guidelines for its ANDROID trademark at www.developer.android.com/distribute/googleplay/promote/brand.html. Pursuant to Google's brand guidelines, "ANDROID cannot be used in names of applications or accessory products, including . . . **watches**." (Emphasis added). Google's brand guidelines for ANDROID state that it is incorrect to use the term "Android MediaPlayer," but correct to use the term "MediaPlayer for Android." A copy of Google's brand guidelines are attached to this Complaint as **Exhibit E**.

25. Sony's use of ANDROID in connection with the advertising and marketing of its watches is also in violation of Google's brand guidelines for use of ANDROID.

## First Cause of Action

(Trademark Infringement Under 15 U.S.C. § 1114(1))

26. OKO realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 25 of this Complaint as though fully set forth here.

**1**   27. Sony's use in commerce of OKO's federally registered ANDROID trademark in connection with watches is likely to cause confusion, mistake, or to deceive the relevant public that Sony's products bearing the ANDROID trademark are connected with OKO.

28. Alternatively, Sony's use in commerce of OKO's federally registered ANDROID trademark in connection with watches is likely to cause confusion, mistake, or to deceive the relevant public that OKO's legitimate products bearing the ANDROID trademark are connected with Sony or other products running Google's Android software.

29. These acts of Sony constitute trademark infringement in violation of 15 U.S.C. § 1114(1), entitling OKO to relief.

30. Sony has unfairly profited from the trademark infringement alleged.

31. By reason of Sony's trademark infringement, OKO has suffered damage to the goodwill associated with the ANDROID trademark in connection with watches.

32. Sony's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm OKO and its federally registered trademark.

33. Sony's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

34. By reason of Sony's acts of trademark infringement, OKO's remedy at law is not adequate to compensate it for the injuries inflicted by Sony. Accordingly, OKO is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

35. By reason of Sony's willful acts of trademark infringement, OKO is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

36. This is an exceptional case making OKO eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

**Second Cause of Action**

(Trademark Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

37. OKO realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 36 of this Complaint as though fully set forth here.

38. OKO has made and continues to make a substantial investment of time, effort, and expense in the design, manufacturing, and marketing of its timepieces, watches, and watch bands marketed or sold under the ANDROID and ANDROID SMARTWATCH marks.

39. OKO advertises its ANDROID brand timepieces, watches, and watch bands over the World Wide Web through its website www.android-usa.com.

40. OKO's ANDROID and ANDROID SMARTWATCH brand timepieces, watches, and watch bands have been sold throughout the United States to the general public.

41. OKO's ANDROID and ANDROID SMARTWATCH brand timepieces watches, and watch bands have had great commercial success. As a result, the public recognizes the ANDROID and ANDROID SMARTWATCH trademarks as designating an exclusive source with respect to timepieces, watches, and watch bands, thereby creating a goodwill which inures to OKO's benefit.

42. Sony's use in commerce of the ANDROID and ANDROID SMARTWATCH trademarks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Sony's goods are authorized, sponsored, or approved by or are affiliated with OKO.

43. Alternatively, Sony's use in commerce of the ANDROID and ANDROID SMARTHWATCH trademarks is likely to cause confusion, or to cause mistake, or to deceive the relevant public that OKO's goods are authorized, sponsored, or approved by or are affiliated with Sony or Google.

44. These acts of Sony constitute trademark infringement of the ANDROID and ANDROID SMARTWATCH trademarks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling OKO to relief.

45. OKO is being damaged and is likely to be damaged in the future by Sony's infringement by reason of the likelihood that purchasers of Sony's goods will be confused or mistaken as to source, sponsorship or affiliation of Sony's watches.

46. OKO is being damaged and is likely to be damaged in the future by Sony's infringement by reason of the likelihood that purchasers of OKO's goods will be confused or mistaken as to source, sponsorship or affiliation of OKO's timepieces, watches, and watch bands.

47. Sony has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined.

48. By reason of these acts of Sony, OKO has suffered and will continue to suffer damage to the goodwill associated with the ANDROID and ANDROID SMARTWATCH trademarks.

49. These acts of Sony have irreparably harmed and, if not enjoined, will continue to irreparably harm OKO and the ANDROID and ANDROID SMARTWATCH trademarks.

50. These acts of Sony have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public which has an interest in being free from confusion, mistake, and deception.

51. By reason of these acts of Sony, OKO's remedy at law is not adequate to compensate it for the injuries inflicted. Accordingly, OKO is entitled to entry of injunctive relief pursuant to 15 U.S.C. § 1116.

52. Because these acts of Sony were willful, OKO is entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

53. This is an exceptional case making OKO eligible for an award of attorneys' fees under 15 U.S.C. § 1117.

### Third Cause of Action

(Violation of California Unfair Competition Law)

54. OKO realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 53 of this Complaint as though fully set forth here.

55. OKO is informed and believes, and on that basis alleges, that Sony is in direct competition with OKO with respect to the marketing and sale of watches.

56. Sony has infringed and is infringing OKO's trademark rights in the ANDROID and ANDROID SMARTWATCH marks in violation of OKO's proprietary rights. Such acts constitute unfair trade practices and unfair competition under California Business and Professions Code §§ 17200, *et seq*., and under the common law of the State of California.

57. Pursuant to California Business and Professions Code § 17203, Sony is required to disgorge and restore to OKO all profits and property acquired by means of Sony's unfair competition with OKO.

58. Due to the conduct of the Sony, OKO has suffered and will continue to suffer irreparable harm. It would be difficult to ascertain the amount of money damages that would afford OKO adequate relief at law for Sony's acts and continuing acts. OKO's remedy at law is not adequate to compensate it for the injuries already inflicted and further threatened by Sony. Accordingly, OKO is entitled to temporary, preliminary and permanent injunctive relief pursuant to California Business and Professions Code § 17203.

59. OKO is informed and believes and on that basis alleges that Sony's conduct has been intentional and willful and in conscious disregard of OKO's rights and, therefore, OKO is entitled to exemplary or punitive damages under the common law of the State of California in an amount appropriate to punish Sony and to make an example of Sony to the community.

### Prayer for Relief

Therefore, OKO respectfully requests judgment as follows:

1. That the Court enter a judgment against Sony that Sony has:

     (a)    infringed the rights of OKO in its federally registered ANDROID trademark in violation of 15 U.S.C. § 1114;

     (b)    infringed the rights of OKO in its ANDROID and ANDROID SMARTWATCH trademarks in violation of 15 U.S.C. § 1125; and

     (c)    competed unfairly with OKO at common-law and in violation of California Business and Professions Code § 17200.

2. That each of the above acts were willful.

3. That the Court issue a Temporary Restraining Order and Preliminary Injunction enjoining and restraining Sony and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Sony, from:

     (a)    manufacturing, producing, selling, distributing, advertising, marketing, destroying, altering, or otherwise disposing of any timepieces, watches, or watch bands that are in the possession of Sony that are marked or marketed with a trademark that is confusingly similar to the ANDROID or ANDROID SMARTWATCH trademark;

     (b)    destroying any documents, electronic files, business records, or any other tangible object pertaining to the manufacture, duplication, distribution, or advertisement of any such timepieces, watches, or watch bands; and,

     (c)    engaging in any other activity constituting an infringement of OKO's trademark rights in the ANDROID or ANDROID SMARTWATCH trademark.

4. That Sony be ordered to engage in corrective advertising to the extent necessary to correct any consumer confusion or misperceptions resulting from Sony's unlawful acts complained of above.

5. That OKO be awarded damages for Sony's trademark infringement and unfair trade practices.

6. That OKO be awarded Sony's profits resulting from its infringement of OKO's trademark rights.

7. That Sony be ordered to account for and disgorge to OKO all amounts by which Sony has been unjustly enriched by reason of the unlawful acts complained of herein.

8. That damages resulting from Sony's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

9. That OKO be awarded all profits and property acquired by means of Sony's unfair competition.

10. That OKO be awarded exemplary or punitive damages in an amount appropriate to punish Sony and to make an example of Sony to the community.

11. That the Court issue a Permanent Injunction enjoining and restraining Sony and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Sony, from using the ANDROID and ANDROID SMARTWATCH trademarks or any other mark likely to be confused with the ANDROID or ANDROID SMARTWATCH trademarks in connection with the marketing or sale of timepieces, watches, or watch bands.

12. That the Court issue an Order at the conclusion of the present matter that the watches infringing OKO's trademarks be seized, impounded, and destroyed.

13. That the Court award OKO its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117, and any other applicable provision of law.

14. That the Court award OKO its costs of suit incurred herein.

15. That OKO be awarded such other relief as may be appropriate.

DATED: April 3, 2014							Respectfully submitted,

									CHRISTIE, PARKER & HALE, LLP


									By     /s/Howard A. Kroll
										Howard A. Kroll

									Attorneys for Plaintiff,
									OKO INTERNATIONAL CO.

**JURY TRIAL DEMANDED**

Plaintiff, OKO International Co., ("OKO"), hereby demands a trial by jury to decide all issues so triable in this case.

DATED: April 3, 2014          Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By   /s/Howard A. Kroll
     Howard A. Kroll

Attorneys for Plaintiff,
OKO INTERNATIONAL CO.

SCL PAS1287835.1-*-04/3/14 11:51 AM

Complaint for Trademark Infringement, Case No. 3:14-CV-1542
-13-