VENABLE LLP
Thomas E. Wallerstein (SBN 232086)
twallerstein@venable.com
Kimberly Culp (SBN 238839)
kculp@venable.com
Spear Tower, 40th Floor
One Market Plaza
1 Market Street
San Francisco, CA  94105
Telephone:     (415) 653-3750
Facsimile:     (415) 653-3755

VENABLE LLP
Justin E. Pierce (*pro hac vice granted*)
jepierce@venable.com
Martin L. Saad (*pro hac vice granted*)
mlsaad@venable.com
575 7th Street, NW
Washington, DC  20004
Telephone:     (202) 344-4000
Facsimile:     (202) 344-8300

Attorneys for Defendant Sony Mobile
Communications (U.S.A.), Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| OKO INTERNATIONAL CO.,<br><br>Plaintiff,<br><br>v.<br><br>SONY MOBILE COMMUNICATIONS (U.S.A.), INC.,<br><br>Defendant | CASE NO. 3:14-CV-1542 EDL<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date: July 29, 2014<br>Time: 9:00 a.m.<br>Judge: Hon. Elizabeth D. Laporte<br>Place: Courtroom E, 15th Floor |

## TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISMISS ........................................................... - 1 -

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ - 1 -

I. INTRODUCTION ........................................................................................................ - 1 -

II. STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT ......................... - 2 -

III. ARGUMENT ................................................................................................................ - 4 -

    A. STANDARD FOR MOTION TO DISMISS ................................................. - 4 -

    B. SONY'S USE OF THE ANDROID MARK CONSTITUTES NOMINATIVE FAIR USE AS A MATTER OF LAW ............................... - 4 -

        1. Google's operating system cannot be identified without the use of the Android trademark ................................................................ - 7 -

        2. Sony has used the Android mark only as reasonably necessary .......... - 8 -

        3. Sony has done nothing to suggest sponsorship or endorsement of another ............................................................................................... - 9 -

IV. CONCLUSION ........................................................................................................... - 11 -

# TABLE OF AUTHORITIES

**Page**

**Cases**

*1800 GET THIN, LLC v. Hiltzik*,
 No. 11-cv-00505, 2011 WL 3206486 (C.D. Cal. July 25, 2011) ................- 5 -, - 6 -, - 7 -

*Adaptive Mktg. LLC v. Girard Gibbs LLP*,
 No. 09-cv-04739, 2009 WL 8464168 (C.D. Cal. Oct. 9, 2009) ....... - 6 -, - 7 -, - 9 -, - 10 -

*Anderson v. Clow*,
 89 F.3d 1399 (9th Cir. 1996) ................................................................................... - 4 -

*Arch Ins. Co. v. Allegiant Prof'l Bus. Servs., Inc.*,
 No. 11–1675–CAS, 2012 WL 1400302 (C.D. Cal. Apr. 23, 2012) .................... - 6 -, - 7 -

*Architectural Mailboxes, LLC v. Epoch Design, LLC*,
 No. 10-cv-974, 2011 WL 1630809 (S.D. Cal. Apr. 28, 2011) ......................... - 6 -, - 10 -

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ............................................................................................. - 4 -

*Balistreri v. Pacifica Police Dept.*,
 901 F.2d 696 (9th Cir. 1990) ................................................................................... - 4 -

*Bell v. Twombly*,
 550 U.S. 544 (2007) ................................................................................................. - 4 -

*Brother Records, Inc. v. Jardine*,
 318 F.3d 900 (9th Cir. 2003) ................................................................................... - 5 -

*Cairns v. Franklin Mint Co.*,
 292 F.3d 1139 (9th Cir. 2002) ........................................................................ - 5 -, - 7 -

*Conley v. Gibson*,
 355 U.S. 41 (1957) ................................................................................................... - 4 -

*Epstein v. Washington Energy Co.*,
 83 F.3d 1136 (9th Cir. 1996) ................................................................................... - 4 -

*Hensley Manufacturing v. ProPride Inc.*,
 579 F.3d 603 (6th Cir. 2009) ................................................................................... - 6 -

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
 11 F.3d 1460 (9th Cir. 1993) ................................................................................... - 6 -

*International Order of Job's Daughters*,
 633 F.2d 912 (9th Cir. 1980) ................................................................................... - 6 -

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
 456 U.S. 844, 102 S.Ct. 2182, 72 L.Ed.2d 606 (1982) ............................................ - 3 -

*Mattel Inc. v. Walking Mountain Prods.*,
 353 F.3d 792 (9th Cir. 2003) ................................................................................... - 5 -

*New Kids on the Block v. News America Pub., Inc,*
    971 F.2d 302 (9th Cir. 1992) ............................................................... - 4 -, - 5 -, - 6 -, - 7 -

*Pebble Beach Co. v. Tour 18 I Ltd.*,
    155 F.3d 526 (5th Cir. 1998) ................................................................................ - 5 -

*Playboy Enterprises, Inc. v. Welles*,
    279 F.3d 796 (9th Cir. 2002) ...................................................................... - 7 -, - 10 -

*Sams v. Yahoo! Inc.*,
    713 F.3d 1175 (9th Cir. 2013) ............................................................................ - 8 -

*Stevo Design, Inc. v. SBR Marketing Ltd.*,
    968 F. Supp. 2d 1082 (D. Nev. 2013) ............................................... - 5 -, - 6 -, - 10 -

*Toyota Motor Sales, U.S.A., Inc. v. Tabari*,
    610 F.3d 1171 (9th Cir. 2010) ............................................................................ - 9 -

*Volkswagenwerk Aktiengesellschaft v. Church*,
    411 F.2d 350 (9th Cir. 1969) ...................................................................... - 9 -, - 10 -

*Western Mining Council v. Watt*,
    643 F.2d 618 (9th Cir. 1981) ............................................................................... - 4 -

**Treatises**

4 McCarthy on Trademarks and Unfair Competition §23:11.50 (4th ed.) ............................ - 5 -

## NOTICE OF MOTION AND MOTION TO DISMISS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2014 at 9:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 450 Golden Gate Avenue (Philip Burton Federal Building & United States Courthouse), San Francisco, California 94102, Defendant Sony Mobile Communications (U.S.A.), Inc. ("Sony") will, and hereby does, move for an order dismissing Plaintiff's Complaint [without leave to amend]. Sony's motion to dismiss Plaintiff's Complaint is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's Complaint reveals on its face that Plaintiff's claims are barred by the doctrine of nominative fair use.

The Motion is based on Plaintiff's Complaint, this Notice of Motion and Motion, the Memorandum of Points and Authorities following herein, the [Proposed] Order submitted herewith, any facts of which this Court takes judicial notice and such other and further papers and argument as may be submitted to the Court in connection with the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

In this lawsuit, Plaintiff OKO International Co. ("OKO") seeks to prevent Sony Mobile Communications (U.S.A.), Inc. ("Sony") from using the term "Android" to accurately refer to its Sony SmartWatches as compatible with mobile devices running Google's Android operating system. OKO alleges that Sony's use of the Android mark constitutes infringement of OKO's ANDROID trademark for watches. But as the advertising attached to the complaint makes plain, Sony is not using the term "Android" to designate the source of the watch. It is simply using it to refer to *Google's* operating system, for which the Complaint acknowledges Google (not OKO) has trademark rights. As a matter of law, under the fair use doctrine, Sony has a right to refer to another's mark to accurately describe a feature of its own products. Thus, the Complaint should be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

## II. STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

Following is a recitation of facts alleged in the Complaint and accepted as true for purposes of this motion to dismiss.

OKO owns a trademark registration for ANDROID for use with timepieces, watches, and watch bands. (Compl. ¶¶ 6, 7.) OKO does not allege that it sells smartphones or other mobile devices (such as tablets) or operating systems for mobile devices.

Sony manufactures and sells a line of "SmartWatches." (Compl. ¶¶ 20, 21.) Sony's SmartWatches interface with smartphones and tablets running Google's Android operating system. (*See, e.g.*, Compl., Ex. C (Dkt.1).) Users can be notified through their watches of incoming phone calls, text messages, emails, and calendar appointments. (*Id.*) Users can also download Android-based applications for use on their SmartWatches. (*Id.*)

As demonstrated by the advertising attached to the Complaint, all of which comes from the "sonymobile.com" website, Sony advertises each of its SmartWatch products first and foremost as a "SmartWatch"; the upper left corner of each ad uses the term "SmartWatch" in bold print in the largest font displayed on the page. (*Id.*) Next in terms of visibility, each ad includes a large depiction of the actual SmartWatch. (*Id.*) Each SmartWatch image displays Sony's famous and distinctive trademark in all capital letters across the face of the product. (*Id.*)

The ads go on to describe the many features of each SmartWatch, including that the products are "compatible" with mobile devices running on Google's Android operating system. (*Id.*) Each and every reference to the term "Android" includes a corresponding reference to compatibility with "Android phones" and other Android mobile devices. (*Id*. at p. 42) ("SmartWatch is also known as an Android watch because it works with most Android phones."); *id.* at p. 43 ("An Android watch makes life easy. If you have an Android smartphone, here is the perfect accessory."); *id.* at p. 45 ("Made for Android. The world's first Android compatible SmartWatch with One-touch NFC."); *id.* at p. 46 ("SmartWatch 2 works with any smartphone or tablet running Android 4.0 or later. Software updates are available as new apps and devices become available."); *id.* at p. 48 ("This Android$^{TM}$ compatible watch keeps you discreetly updated & your hands free."); *id.* at p. 49 ("SmartWatch makes life easy. If you have

an Android smartphone, here is the perfect accessory."); *id.* at p. 49 ("SmartWatch makes life easy. If you have an Android smartphone, here is the perfect accessory.").[1]

Nowhere does Sony's alleged advertising use the term "Android" without clear and conspicuous references to Sony, Android phones, and Android compatibility. *See id.*

OKO does not allege that Sony's SmartWatches are incompatible with mobile devices running Google's Android operating system, or that Sony's advertising is otherwise false or deceptive insofar as it claims Android operating system compatibility.

And OKO concedes that Google has a common law trademark to use "ANDROID" for software, and has a federal trademark application, U.S. Serial No. 77/318,565 for ANDROID. (Compl. ¶ 23.) According to the Complaint, Google's trademark covers use of the Android mark for operating system software; software for use in developing, executing, and running other software on mobile devices, computers, computer networks, and global communication networks; computer software development tools; computer software for use in transmitting and receiving data over computer networks and global communication networks; computer software for managing communications and data exchange among and between mobile devices and desktop computers; computer middleware, namely software that mediates between the operating system of a mobile device and the application software of a mobile device; computer application software for mobile phones. (*Id.*)

Based on these core facts, OKO alleges three counts for purported federal and state trademark infringement. (Compl. ¶¶ 26-59.)

---

[1] Plaintiff attaches to the Complaint results of an internet search for "android watch" that includes links to third-party websites unrelated to Sony. (Compl., Ex. C, p. 40-41.) But OKO does not (and cannot) plead a claim for contributory or induced infringement. *See Inwood Labs., Inc. v. Ives Labs., Inc.,* 456 U.S. 844, 855 (1982) (contributory trademark infringement requires that a defendant have (1) "intentionally induced" the primary infringer to infringe, or (2) continued to supply an infringing product to an infringer with knowledge that the infringer is mislabeling the product).

## III. ARGUMENT

### A. STANDARD FOR MOTION TO DISMISS

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a plaintiff's complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A complaint should be dismissed pursuant to Rule 12(b)(6) where a plaintiff's claims fail to state a claim upon which relief can be granted either because there is a "lack of a cognizable legal theory" or because of "the absence of sufficient facts under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Conclusory allegations or legal conclusions do not constitute factual conclusions sufficient to prevent a motion to dismiss. *See Anderson v. Clow*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1139 (9th Cir. 1996). While facts must be accepted as alleged, a court is not required to accept as true conclusory allegations or legal characterizations, nor must the court accept unreasonable inferences. *Bell v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("we are not bound to accept as true a legal conclusion couched as a factual allegation.").

In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 129 S. Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly,* 550 U.S. at 556). Determining whether a complaint states a plausible claim is context-specific and "requires the reviewing court to draw on its experience and common sense." *Twombly*, 550 U.S. at 556.

### B. SONY'S USE OF THE ANDROID MARK CONSTITUTES NOMINATIVE FAIR USE AS A MATTER OF LAW

The owner of a trademark cannot exclude others from making nominative fair use of that mark. *See New Kids on the Block v. News America Pub., Inc.,* 971 F.2d 302, 306-07 (9th Cir. 1992); Ninth Circuit Jury Instruction No. 15.23. A defendant makes nominative fair use of a

mark when the defendant uses it other than as a trademark to accurately identify the goods or services of another. *See Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1151 (9th Cir. 2002) ("The nominative fair use analysis is appropriate where a defendant has used the plaintiff's mark to describe the plaintiff's product, *even if the defendant's ultimate goal is to describe his own product*.") (emphasis in original); *Mattel Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 809 (9th Cir. 2003) (nominative use of a trademark occurs "for the purposes of comparison, criticism [or] point of reference."); *Stevo Design, Inc. v. SBR Marketing Ltd.*, 968 F. Supp. 2d 1082, 1088-89 (D. Nev. 2013) (quoting *New Kids on the Block*, 971 F.2d at 306) ("'Nominative fair use' is not a trademark use; it is 'to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose.'").

As the leading trademark treatise aptly explains in a fair use hypothetical:

> For example, when the hypothetical CHARTREUSE software company advertises that 'Our new GREENBEAN program will run flawlessly on MICROSOFT WINDOWS,' the software company is not using the words MICROSOFT WINDOWS as a trademark to identify itself. Rather, it is using them as trademarks identifying the true owner in order to convey the message of alleged product compatibility.

4 McCarthy on Trademarks and Unfair Competition §23:11.50 (4th ed.).

If use of a mark is found nominative, it is not actionable as trademark infringement. *Brother Records, Inc. v. Jardine*, 318 F.3d 900, 909 n.5 (9th Cir. 2003); *see also Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 545 (5th Cir. 1998) (nominative fair use creates no likelihood of confusion); *New Kids on the Block,* 971 F.2d at 306-07 ("Much useful social and commercial discourse would be all but impossible if speakers were under threat of an infringement lawsuit every time they made reference to a person, company or product by using its trademark."); *1800 GET THIN, LLC v. Hiltzik*, No. 11-cv-00505, 2011 WL 3206486, at *2 (C.D. Cal. July 25, 2011) ("The nominative fair use defense acknowledges that it is practically impossible to refer to a particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark.").

Indeed, courts regularly dismiss trademark infringement claims under Rule 12(b)(6) on the basis of nominative fair use. *See In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,

1   11 F.3d 1460, 1466-67 (9th Cir. 1993) (affirming dismissal of trademark infringement claim
2   based on fair use defense); *Stevo Design,* 968 F. Supp. 2d at 1090 ("Plaintiffs' failure to allege a
3   trademark use beyond nominative fair use is fatal to all their trademark claims."); *Arch Ins. Co.
4   v. Allegiant Prof'l Bus. Servs., Inc.*, No. 11–1675–CAS, 2012 WL 1400302 (C.D. Cal. Apr. 23,
5   2012) (dismissing Lanham Act claims based on nominative fair use defense); *1800 GET THIN*,
6   2011 WL 3206486, at *2-3 (dismissing trademark infringement claim based on nominative fair
7   use); *Architectural Mailboxes, LLC v. Epoch Design, LLC*, No. 10-cv-974, 2011 WL 1630809, at
8   *4 (S.D. Cal. Apr. 28, 2011) (granting motion to dismiss trademark infringement claims on
9   nominative fair use grounds); *Adaptive Mktg. LLC v. Girard Gibbs LLP*, No. 09-cv-04739, 2009
10  WL 8464168, at *3-5 (C.D. Cal. Oct. 9, 2009) (dismissing trademark infringement claim based
11  on nominative fair use defense); *see also Hensley Manufacturing v. ProPride Inc.*, 579 F.3d 603,
12  612 (6th Cir. 2009) (granting motion to dismiss trademark claims based on fair use).

13  The Ninth Circuit uses a three-part analysis to determine nominative fair use. Under the
14  test, use of a mark is nominative, and thus non-infringing if: (1) the product or service in
15  question must be one not readily identifiable without use of the trademark; (2) the extent of use
16  of the mark is reasonably necessary to identify the product or service; and (3) the defendant's use
17  of the mark does not suggest sponsorship or endorsement by the trademark holder. *New Kids on
18  the Block,* 971 F.2d at 308.

19  Here, as demonstrated by the Complaint and attached advertising, Sony's use of the
20  Android mark constitutes nominative fair use as Sony uses the mark fairly and simply to refer to
21  Google's Android operating system. *See Architectural Mailboxes,* 2011 WL 1630809, at *3
22  (granting Rule 12(b)(6) dismissal after "examin[ing] the defendants' print and online
23  advertisements, which were attached to the complaint."). As a result, OKO's claims – all three
24  of which sound in trademark infringement – must be dismissed.[2]

---

26  [2] *See International Order of Job's Daughters,* 633 F.2d 912, 916 (9th Cir. 1980), *cert.
    denied,* 452 U.S. 941, (1981) (an action for unfair competition under Cal. Bus. & Prof. Code §§
27  17200 *et seq.* is "substantially congruent" to a trademark infringement claim under the Lanham
    Act); *Architectural Mailboxes,* 2011 WL 1630809, at *4 n.3 ("Because Plaintiff's false
28  designation of origin and common law unfair competition claims rely on the same test as the
    (continued…)

VENABLE LLP
SPEAR TOWER, 40TH FLOOR, ONE MARKET PLAZA
1 MARKET STREET, SAN FRANCISCO, CA 94105
415-653-3750

1. **Google's operating system cannot be identified without the use of the Android trademark**

As to the first factor, Google's operating system is not readily identifiable without use of the Android mark. The Complaint acknowledges that Google has a common law trademark for ANDROID, and has a federal trademark application, U.S. Serial No 77/318,565, for the use of ANDROID for mobile phones, operating system software, and software that mediates between the operating system of a mobile device and the application software of the mobile device. (Compl. ¶ 23.)

Identifying Google's operating system by any other means would be impractical and would render ineffective Sony's efforts to inform its customers of an important attribute of the Sony SmartWatches. *See, e.g., Cairns*, 292 F.3d at 1153 ("one might refer to 'the English princess who died in a car crash in 1997,' but it is far simpler (and more likely to be understood) to refer to 'Princess Diana'"); *Playboy Enterprises, Inc. v. Welles*, 279 F.3d 796, 802 (9th Cir. 2002) (use of trademarked term "Playboy Playmate of the Year" by former winner of that award was nominative use; "[t]o describe herself as the 'nude model selected by Mr. Hefner's magazine as its number-one prototypical woman for the year 1981' would be impractical as well as ineffectual."); *New Kids on the Block,* 971 F.2d at 306 ("[O]ne might refer to the 'two-time world champions' or 'the professional basketball team from Chicago,' but it's far simpler (and more likely to be understood) to refer to the Chicago Bulls."); *Arch Ins. Co.*, 2012 WL 1400302 at *8 ("[T]here is no way reasonably to refer to Allegiant's [insurance] policy with Arch other than by using Arch's name."); *1800 GET THIN*, 2011 WL 3206486, at *3 ("Defendants could not have referred to Plaintiff's marketing service without invoking the '1 800 GET THIN'

---

(continued)

trademark infringement claim, the Court grants the motion to dismiss those claims, as well."); *accord Adaptive Mktg. LLC*, 2009 WL 8464168, at *5.

trademark as Plaintiff's marketing service is not readily identifiable without reference to the trademark.").[3]

In fact, OKO itself uses the Android mark to refer to its "SmartWatch" as compatible with "Android phones" and "Android smartphones." *See* Exhibit __ hereto, also available at http://www.android-usa.com/ANDROID-SmartWatch-GTS-AD721BBU-p/ad721bbu.htm.[4] Thus, OKO effectively acknowledges that the mark is necessary to communicate interoperability with mobile devices running on Google's Android operating system.

### 2. **Sony has used the Android mark only as reasonably necessary**

For the second factor, Sony's use of the Android term is used no more than necessary to indicate that the Sony SmartWatch is compatible with mobile products using Google's Android operating system. The term is displayed in Sony's alleged advertising only after the boldface and more prominent term "SmartWatch," and alongside a large image of each product bearing the famous "SONY" brand name across the top. (*See, e.g.*, Compl., Ex. C.)

Further, each and every reference to the term Android in Sony's advertising has a corresponding statement that the product is "compatible" or "works with" Android phones, plainly identifying Google's operating system. *See, e.g.*, Compl., Ex. C, p. 42 ("SmartWatch is also known as an Android watch because it works with the most Android phones."); *id*. at p. 46 ("SmartWatch 2 works with any smartphone or tablet running Android 4.0 or later. Software updates are available as new apps and devices become available."). Given the fact that the

---

[3]   Sony's use of the term "SmartWatch" itself suggests that the products are interoperable with "smartphones" or other mobile devices, which OKO admittedly does not make. In fact, the U.S. Patent and Trademark Office has deemed the term "SMART WATCH" to be descriptive or generic of wristwatches featuring "a telephone, software and display screens for viewing, sending and receiving texts, emails, data and information, etc." OKO claims to have "common law" trademark rights to the term "ANDROID SMARTWATCH," but Sony is not alleged in the Complaint or attached materials to use that term.

[4]   Plaintiff repeatedly refers to its website www.android-usa.com in its Complaint. (*See* Compl. at ¶¶ 11, 12.) Thus, consideration of materials from that website are appropriate on a motion to dismiss and should not convert this motion to one for summary judgment. *See Sams v. Yahoo! Inc.,* 713 F.3d 1175, 1179 (9th Cir. 2013) (Courts "are permitted to consider [on a Rule 12(b)(6) motion] documents that were not physically attached to the complaint where the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them.").

purpose of Sony's SmartWatch is to interoperate with Android devices, Sony's use of the Android mark is both reasonable and necessary to reference the compatibility of Sony's products. *See Adaptive Mktg. LLC*, 2009 WL 8464168, at *4 ("[Defendants] have only used so much of Plaintiff's mark that is necessary to advance their goal.").

Sony does not (and is not alleged to) use any of OKO's stylized logos or graphics in connection with its use of the Android mark, but simply includes a plain text reference to the mark, again using only that which is necessary to identify Google's operating system. *See, e.g., Volkswagenwerk Aktiengesellschaft v. Church*, 411 F.2d 350 (9th Cir. 1969) (affirming fair use finding where auto mechanic used the unstylized mark "Volkswagen" – but not Volkswagen's distinctive lettering style, color scheme, or encircled VW emblem – to identify the types of cars it services). Indeed, the only Android logo used by Sony is *Google's* robot icon, which calls to mind Google, not OKO.[5] (*See* Compl., Ex. C at 43.)

Thus, plaintiff does not and cannot make any factual allegation suggesting that Sony "used more than what [it] needed to be able to communicate" the compatibility of its SmartWatches with Google's Android system. *See Adaptive Mktg. LLC*, 2009 WL 8464168, at *4.

### 3. **Sony has done nothing to suggest sponsorship or endorsement of another**

Finally, Sony's alleged use of the Android mark in no way suggests that its SmartWatches originate with OKO, or that OKO has sponsored or endorsed Sony's SmartWatches. To the contrary, Sony's own famous mark is prominently displayed on its website and its SmartWatches, clearly identifying the source of its products. *See Toyota Motor Sales, U.S.A., Inc. v. Tabari*, 610 F.3d 1171, 1179-80 (9th Cir. 2010) ("So long as the site as a

---

[5] OKO references brand guidelines published by Google regarding the use of Google's Android mark by developers. (*See* Compl. ¶24, Ex. E.) Sony's use of the term Android as a "descriptor" is consistent with those guidelines. (*See id.* at Ex. E.) And for purposes of this motion, it is clear that Google's guidelines are designed for the protection of *Google's* mark, not OKO's; thus, any violation of *Google's* guidelines would not establish infringement of *OKO's* trademark. (*See, e.g.*, Compl., Ex. E at 1 – "The following are guidelines for the Android brand and related assets.")

whole does not suggest sponsorship or endorsement by the trademark holder, such momentary uncertainty [from clicking a link from a search engine results page] does not preclude a finding of nominative fair use."); *Volkswagenwerk*, 411 F.2d at 351) (affirming fair use finding in favor of auto mechanic that used the "Volkswagen" mark to describe the types of cars it services without holding itself out as "authorized" by Volkswagen); *Adaptive Mktg. LLC*, 2009 WL 8464168, at *4 ("[A]ll of Defendants' [allegedly infringing] banner ads clearly identify the source of the ad" by, *inter alia*, including the defendants' website address in the ad and never using plaintiff's trademark alone).

And for each instance in which Sony's alleged SmartWatch advertisements reference Android, there is a corresponding statement that the term Android refers to compatibility with mobile devices running on the Android operating system, which is counter to sponsorship or endorsement by OKO. (*See* Compl., Ex. C, pp. 42-49.) *See also Architectural Mailboxes,* 2011 WL 1630809, at *3 (dismissing claim on nominative fair use where "[t]he excerpts from Defendant's website [using the allegedly infringing mark] clearly identify Plaintiff as the manufacturer of the [product at issue]."). OKO does not make operating systems or smartphones, so references Android "compatibility" in Sony's SmartWatch advertising is *incompatible* with a claim of sponsorship or endorsement by OKO. *See, e.g., Stevo Design, Inc.*, 968 F. Supp. 2d at 1089 (rejecting claim of sponsorship or endorsement where the website depicting plaintiff's mark also included posts critical of plaintiff).

Thus, no consumer could reasonably confuse Sony's inclusion of the word Android in its advertising as an endorsement or sponsorship by OKO.[6]

///

///

///

---

[6] For the same reasons, Sony's alleged use of the term Android in metatags is also fair. As the Ninth Circuit reasoned in affirming a finding that the use of a mark in a site's metatags constituted nominative fair use, "[s]earchers would have a much more difficult time locating relevant websites" if the law outlawed such truthful, non-misleading use of a mark. *Welles*, 279 F.3d at 804.

## IV. CONCLUSION

For the foregoing reasons, Sony respectfully requests that Plaintiff's Complaint be dismissed on the basis that Sony's use of the Android mark constitutes nominative fair use.

Date: June 3, 2014                                   Venable LLP

By:   */s/ Thomas E. Wallerstein*
      Thomas E. Wallerstein
      Justin E. Pierce (*pro hac vice granted*)
      Martin L. Saad (*pro hac vice granted*)
      Attorneys for Sony Mobile
      Communications (U.S.A.), Inc.